

FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 1 2 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**AARON CHRISTMAN and EMANUEL
SAVAGE Individually and on Behalf
of All Others Similarly Situated**                    **PLAINTIFFS**

vs.                           No. 4:19-cv-*488 - BRW*

**NEW AGE DISTRIBUTING, INC.**                    **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Aaron Christman and Emanuel Savage ("Plaintiffs"),

individually and on behalf of all others similarly situated, by and through their attorneys

Sean Short and Josh Sanford of Sanford Law Firm, PLLC, and for their Original

Complaint—Collective Action against Defendant New Age Distributing, Inc.

("Defendant"), and in support thereof they do hereby state and allege as follows:

### I.    INTRODUCTION

1.      This is a collective action brought by Plaintiffs, individually and on behalf

of all others similarly situated, against Defendant for violations of the overtime

provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and

the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.      Plaintiffs, individually and on behalf of all others similarly situated, seek

declaratory judgment; monetary damages; liquidated damages; prejudgment interest;

costs; and a reasonable attorney's fee, as a result of Defendant's policy and practice of

failing to pay Plaintiffs and other similarly situated individuals proper overtime

*This case assigned to District Judge* Wilson
*and to Magistrate Judge* Harris

compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

3.    Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II.    JURISDICTION AND VENUE

4.    The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.    Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as his FLSA claims.

6.    This Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

7.    Defendant conducts business within the State of Arkansas, with its principal place of operation being in Little Rock.

8.    Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

9.    Plaintiffs are employed at Defendant's business located in the Eastern District of Arkansas. Therefore, the acts alleged in this Complaint had their principal effect within the Eastern District, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.      **THE PARTIES**

10.      Plaintiffs repeats and re-alleges all the preceding paragraphs of this Complaint as if fully incorporated in this section.

11.      Plaintiff Aaron Christman is a citizen of the United States and a resident of and domiciled in the State of Arkansas.

12.      Plaintiff Aaron Christman works for Defendant as a Merchandiser.

13.      Plaintiff Emanuel Savage is a citizen of the United States and a resident of and domiciled in the State of Arkansas.

14.      Plaintiff Emanuel Savage works for Defendant as a Merchandiser.

15.      During Plaintiffs' employment, Defendant has classified Plaintiffs as exempt from the overtime requirements of the FLSA and the AMWA and paid Plaintiffs a salary.

16.      At all times material hereto, Plaintiffs were entitled to the rights, protection and benefits provided under the FLSA and AMWA.

17.      Defendant is a for-profit, domestic corporation, created and existing under and by virtue of the laws of the State of Arkansas, providing business-to-business beverage distribution services.

18.      Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

19.      During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling,

selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

20.    Defendant's principal address is 1400 East 28th Street, Little Rock, Arkansas 72204.

21.    Defendant's registered agent for service of process in the State of Arkansas is Don Frantz, 1400 East 28th Street, Little Rock, Arkansas, 72206.

22.    Defendant has all times relevant hereto employed four or more individuals.

## IV.    FACTUAL ALLEGATIONS

21.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

22.    During Plaintiffs' employment, Plaintiffs have worked for Defendant as merchandisers and are responsible for setting up beverage displays and stocking merchandise at Defendant's customers' retail locations.

23.    Plaintiffs and other merchandisers worked more than forty (40) hours per week on a regular, typical basis while working for Defendant.

24.    Plaintiffs and other merchandisers were paid a salary for all hours worked, with no overtime premium for hours worked in excess of forty (40) hours per week.

25.    Plaintiffs and other merchandisers never agreed that their salary would be sufficient to cover all hours worked.

26.    Plaintiffs and other merchandisers' annual compensation was not less than $455.00 per week nor more than $100,000.00 per year.

27.    Plaintiffs and other merchandisers did not manage the enterprise or a customarily recognized subdivision of the enterprise.

28.     Plaintiffs and other merchandisers did not exercise discretion and independent judgment with respect to any matters of significance.

29.     Plaintiffs and other merchandisers did not provide any training for any employee nor did they direct the work of any employee.

30.     Plaintiffs and other merchandisers did not select any employees for hire nor did Plaintiff and other merchandisers have any ability to fire an employee.

31.     Plaintiffs and other merchandisers did not have any control of or authority over any employee's rate of pay or working hours.

32.     Plaintiffs and other merchandisers drove (or loaded or otherwise helped others do the same) vehicles that weigh under 10,001 pounds, and they did so on at least a weekly basis.

33.     Defendant did not pay Plaintiffs and other merchandisers one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) per week.

34.     Defendant knew or showed reckless disregard for whether the way it paid Plaintiffs and other merchandisers violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

35.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

36.     Plaintiffs brings their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

37.     Plaintiffs brings their FLSA claims on behalf of all salaried merchandisers employed by Defendant at any time within the applicable statute of limitations period,

who were classified by Defendant as exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.      Payment for all hours worked, including overtime premiums for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

B.      Liquidated damages and attorneys' fees and costs.

38.     In conformity with the requirements of FLSA Section 16(b), Plaintiffs have attached hereto as Exhibit "A" their written Consents to Join this lawsuit.

39.     The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

40.     The members of the proposed FLSA Class are similarly situated in that they share these traits:

A.      They were classified by Defendant as exempt from the overtime requirements of the FLSA;

B.      They were paid salary; and

C.      They were subject to Defendant's common policy of denying pay for all hours worked, including proper overtime pay for hours over forty (40) per work week.

41.     Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 15 persons.

42.     In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

43.    Defendant can readily identify the members of the Section 16(b) collective. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email, or alternatively first class mail and text message, to their last known physical and electronic mailing addresses or cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claims.

## VI.    FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

58.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

59.    Plaintiffs assert their claims for damages and declaratory relief pursuant to the FLSA.

60.    At all relevant times, Defendant has been, and continues to be, Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

61.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

62.    29 U.S.C. §207 requires any enterprise engaged in commerce to pay all employees time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

63.    Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

64.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

65.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

66.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CAUSE OF ACTION
### (Individual Claims for Violation of the AMWA)

67.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

68.    Plaintiffs assert their claims for damages and declaratory relief pursuant to the AMWA.

69.    At all relevant times, Defendant has been, and continues to be, Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

70.    Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

71.    Defendant classified Plaintiffs as exempt from the overtime requirements of the AMWA.

72.    Despite the entitlement of Plaintiffs to overtime payments under the

AMWA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

73.    Defendant willfully failed to pay overtime wages to Plaintiffs.

74.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

75.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

76.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

77.    Plaintiffs assert this claim on behalf of all merchandisers employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for unpaid overtime compensation for all the hours Plaintiffs and members of the putative collective worked in excess of forty (40) each week.

78.    Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

79.    At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA.

80.    29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

81.    Defendant failed to pay Plaintiffs and those similarly situated at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

82.    Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the proposed collective is properly defined as follows:

**All merchandisers employed within the past three years.**

83.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

84.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

85.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Aaron Christman and Emanuel Savage, individually and on behalf of all others similarly situated, respectfully pray as follows:

A.    That Defendant be summoned to appear and answer this Complaint;

B.    That Defendant be required to account to Plaintiffs, the collective, and the Court for the hours worked by Plaintiffs and the collective and all monies paid to them;

C.    For orders regarding certification of and notice to the collective;

D.    A declaratory judgment that Defendant's practices alleged herein violate the FLSA, and attendant regulations at 29 C.F.R. §516 *et seq.*;

E.    A declaratory judgment that Defendant's practices alleged herein violate the AMWA and the related regulations;

F.    Judgment for damages for all unpaid overtime compensation owed to Plaintiffs and the proposed collective members under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

G.    Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

H.    Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and the proposed collective members during the applicable statutory period;

I.    Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

J.    For a reasonable attorneys' fee, costs, and pre-judgment interest; and

K.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**AARON CHRISTMAN and
EMANUEL SAVAGE, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**AARON CHRISTMAN and EMANUEL**                                    **PLAINTIFFS**
**SAVAGE Individually and on Behalf**
**of All Others Similarly Situated**


vs.                                         No. 4:19-cv-_____


**NEW AGE DISTRIBUTING, INC.**                                     **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

     I have been employed as a merchandiser for New Age Distributing, Inc., within the three years preceding the signing of this document. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

     I declare under penalty of perjury that the foregoing is true and correct.


_____
**AARON CHRISTMAN**


Date: July 12, 2019


*/s/ Josh Sanford*
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**AARON CHRISTMAN and EMANUEL**                            **PLAINTIFFS**
**SAVAGE Individually and on Behalf**
**of All Others Similarly Situated**


vs.                                No. 4:19-cv-_____


**NEW AGE DISTRIBUTING, INC.**                                **DEFENDANT**

### CONSENT TO JOIN COLLECTIVE ACTION

I have been employed as a merchandiser for New Age Distributing, Inc., within the three years preceding the signing of this document. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.



**EMANUEL SAVAGE**


Date:  July 12, 2019


/s/ Josh Sanford
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**