IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

AARON CHRISTMAN, EMANUEL
SAVAGE, CAREY BARNES, KEITH MCGEE
AND CECILY PATRICK, Individually and on
Behalf of All Others Similarly Situated                                    PLAINTIFFS

v.                            NO. 4:19-cv-488-LPR

NEW AGE DISTRIBUTING, INC.                                                  DEFENDANT

### BRIEF IN SUPPORT OF DEFENDANT'S
### MOTION FOR SUMMARY JUDGMENT

Defendant New Age Distributing, Inc. ("New Age"), by and through its counsel, Brian A. Vandiver, a partner in the law firm of Cox, Sterling, McClure & Vandiver, PLLC, for its Brief in Support of Defendant's Motion for Summary Judgment pursuant to Local Rule 7.2, states:

**I.        STATEMENT OF FACTS**

Please see Defendant's Statement of Facts incorporated by reference.

**II.       ARGUMENT**

The Eighth Circuit summarized the law regarding summary judgment in employment cases:

> Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  The movant bears the initial responsibility of informing the district court of the basis for its motion, and must identify those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact.  If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial.  On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. . . . The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial.  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine

1

> issue for trial. . . . [Previous Eighth Circuit panel statements] asserting a different standard of review for summary judgment in employment discrimination cases are contrary to Supreme Court precedent.  The Court has reiterated that district courts should not treat discrimination differently from other ultimate questions of fact.  In a landmark case, the Court wrote:  Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action.  Because summary judgment is not disfavored and is designed for every action, panel statements to the contrary are unauthorized and should not be followed.  There is no discrimination case exception to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial.

*Torgerson v. City of Rochester*, 643 F.3d 1031, 1042-43 (8th Cir. 2011) (en banc) (internal citations and quotations omitted).

The Arkansas Minimum Wage Act ("AMWA") relies on federal precedent established under the Fair Labor Standards Act ("FLSA") in interpreting and applying the provisions of the AMWA. Ark. Admin. Code 010.14-11. Plaintiffs who sue for unpaid overtime have the burden of proving that they performed work for which they were not properly compensated. *Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1059 (8th Cir. 2014). General allegations couched in base assertions and vague testimony that fails to reference specific days and hours worked fail to meet "even the relaxed evidentiary standards." *Id*. at 1059-1060.

If Plaintiffs identify a factual dispute, "a disputed fact alone will not defeat summary judgment." *Torgerson,* 643 F.3d 1031, 1042 (8th Cir. 2011).  Rather, "there must be a genuine issue of material fact."  *Id*. (citing *Liberty Lobby,* 477 U.S. at 247–48).  "To be material, a fact 'must affect the outcome of the suit under the governing law.'" *Id*. The "essential inquiry" at the summary stage, when viewing the record as a whole, is whether the evidence is "so one-sided that is does not present a significant disagreement to require submission to the jury." *Torgerson*, 643

F.3d at 1052. Speculation and conjecture are insufficient to defeat summary judgment. *Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 794 (8th Cir. 2012).

**A.      Plaintiffs' Evidence is Insufficient**

An employee who brings suit under the FLSA for unpaid overtime compensation has the burden of proving that they performed work for which they were not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946). Employers are required to keep records of wages and hours. 29 U.S.C. § 211(c). If an employer fails to maintain accurate time records, the employee is relieved of proving the exact extent of uncompensated work and is given a relaxed evidentiary standard. *Carmody v. Kan. City Bd. of Police Comm'rs*, 713 F.3d 401, 406 (8th Cir. 2013). The relaxed standard is met if an employee has sufficient evidence to show the amount and extent of work "as a matter of just and reasonable inference." *Id*. While the burden may be relaxed, it is not eliminated, and the employees must still prove the existence of damages. *Id*. at 407.

*Anderson* does not apply in this case. Plaintiffs have offered no evidence to prove liability. Eighth Circuit precedent is clear that the "relaxed standard" in *Anderson* is not used for proving liability. Rather, the relaxed standard of proof is to prove "the amount of damages". *Carmody*, 713 F.3d at 406. The Court in *Anderson* specified that the relaxed standard only applied when an employee had already proved that he had performed work and had not been paid in accordance with statute. *Anderson*, 328 U.S. at 688. The relaxed standard applies in determining the extent of damages, not the fact of damages. *Id*. An employee must at least provide specific evidence—with a meaningful explanation—that is enough to allow a factfinder to find uncompensated hours as a matter of just and reasonable inference. *Holoway*, 771 F.3d at 1060. "*Anderson* only applies where the existence of damages is certain." *Carmody*, 713 F.3d at 406. There has been no proof

that any damages do exist in this case, and therefore *Anderson* should not apply. *Thompson v. Dimichele Enters.*, No. 4:18-cv-00903-LPR, 2020 U.S. Dist. LEXIS 47656, at *13 (E.D. Ark. Jan. 3, 2020).

If the Court rules that *Anderson* does apply, then Plaintiffs have failed to establish sufficient evidence even under the more relaxed standard. General allegations couched in bare assertions and vague testimony that fails to reference specific days and hours worked fails to meet "even the relaxed evidentiary standard." *Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1059-60 (8th Cir. 2014). Even when an employee gives an estimate of hours worked every week, they are still required to provide a meaningful explanation of how they arrived at the estimate. *Id*. at 1060. When the employee can only provide vague testimony that fails to reference specific days, then the employee fails to supply a meaningful explanation. *Id*.

In *Thompson v. Shock*, this Court explained that plaintiffs must still provide details, even under the relaxed evidentiary standard, that would allow a fact-finder to determine a plaintiff worked beyond forty hours in any specific week of employment. *Thompson v. Shock*, No. 4:13-cv-735-KGB, 2015 U.S. Dist. LEXIS 81902, at *39 (E.D. Ark. June 24, 2015). That court ruled that Thompson fail to meet the relaxed evidentiary standard because Thompson provided "contradictory and bare assertions of how he spent his time on-call and of his overtime hours worked while he was on call." *Id*. at *40. The *Thompson* court emphasized that Thompson failed to point out any specific week he worked beyond forty hours without being paid for it, just as Plaintiffs in this case are unable to identify a specific week they worked beyond forty hours. *Id*.

An employee is not able to demonstrate the amount of overtime he worked when he did not keep notes contemporaneously and he admits that he has no notes, nor other objective evidence, demonstrating the amount of overtime worked. *Zhou v. IBM*, No. 15-CV-1027-LRR, 2017 U.S.

4

Dist. LEXIS 48547, at *64 (N.D. Iowa Mar. 31, 2017). Zhou was unable to meet even the relaxed evidentiary standard because he could only demonstrate the amount of uncompensated time based on mere approximation or guesswork. *Id*. at *66. Like in *Zhou*, the allegations in this case are unsupported by anything other than Plaintiffs' own self-serving statements, and therefore they cannot meet even the relaxed evidentiary standard.

Summary judgment is proper when a plaintiff fails to offer any objective evidence to support her own self-serving estimate and approximation. *Jacobs v. Johnson Storage & Moving Co. Holdings*, No. 4:18-cv-00024-SRC, 2020 U.S. Dist. LEXIS 36338, at *41 (E.D. Mo. Mar. 3, 2020). Employees whose estimates cannot identify specific days worked do not present sufficient evidence. *Id*. at *39. Plaintiffs, like Jacobs, fail to present any objective evidence whatsoever, and therefore summary judgment is proper in this case.

Over-inclusivity, such as not excluding weeks with holidays or weeks an employee takes time off, undermines the sufficiency of overtime evidence even when the relaxed evidentiary standard is employed. *Rickard v. Hennepin Home Health Care, Inc*., No. 15-CV-3224 (JNE/KMM), 2016 U.S. Dist. LEXIS 143757, at *8 (D. Minn. Oct. 17, 2016). The *Rickard* court explained that blanket statements made by the employee, such as the employee claiming they never took a lunch break, constituted vague and contradictory evidence that failed to meet the evidentiary standard. *Id*. Rickard was unable to describe what tasks she performed while claiming she could not take breaks, nor could she describe how much time was spent on each task, just like Plaintiffs in this case cannot proffer evidence of how they worked nonstop each day of the week without ever taking a day off work or time off for a break. *Id*. The *Rickard* court correctly held that the employee provided "no meaningful details", and that these unsupported estimations were insufficient even though Rickard was not held to precision in estimating overtime. *Id*. at *9.

*Dalton* involved an employee who was unable to survive summary judgment because she conceded she had no documentation showing her hours for any specific week and she was unable to cite an example of a week she worked more than forty hours. *Dalton v. Hennepin Home Health Care, Inc.*, No. 15-cv-1566 (JNE/KMM), 2016 U.S. Dist. LEXIS 108765, at *6 (D. Minn. Aug. 16, 2016). Like Plaintiffs in this case who cannot point to a single week where they worked overtime, Dalton gave general estimate of hours worked a week, but admitted the hours varied from week to week. *Id*. at *5. Plaintiffs' complete inability to identify a specific week they worked overtime, while instead alleging that they worked overtime every week, is fatal and renders them unable to meet either evidentiary standard.

In *Santiago*, the plaintiff was unable to provide any documentation detailing his days or hours worked, nor could he provide details which would allow a jury to determine he worked beyond forty hours in any specific week. *Santiago v. Saunders*, No. 14-61505-CIV-MORE, 2015 U.S. Dist. LEXIS 93999, at *6-7 (S.D. Fla. July 20, 2015). The *Santiago* court noted it joined many others when it ruled that the plaintiff could not satisfy the relaxed evidentiary standard when the employee could not explain even the vaguest details of the time he worked. *Id*. at *7. As was the case with Plaintiffs in this case, Santiago's testimony was rebuffed by two former coworkers who contradicted Santiago's testimony that he did not miss lunch and that he was always working. *Id*. at *8. These rebuttals, combined with Santiago's imprecise guesswork, made Santiago's proof insufficient to establish Santiago had satisfied the relaxed evidentiary burden. These facts are analogous because Plaintiffs only have estimates created by guesswork and cannot provide any documents to support the vague estimates. Furthermore, Plaintiffs' guesswork is contradicted by previously named Plaintiffs, former coworkers, and supervisors regarding the alleged amount of overtime that Plaintiffs claimed they worked. Therefore, this Court should join the many others

that have found such vague, bare, and contradicted assertions are insufficient to satisfy the relaxed evidentiary standard.

In *Howe*, the district court correctly noted that summary judgment is proper when a plaintiff can provide no evidence other than her own vague testimony. *Howe v. Johnny's Italian Steakhouse*, No. 4:16-cv-00086-SMR-HCA, 2019 U.S. Dist. LEXIS 224655, at *15 (S.D. Iowa Oct. 22, 2019) (citing *Pena v. Kindler*, 187 F. Supp. 3d 1070, 1079 (D. Minn. 2016)). Howe was a waitress that provided an estimate of her unpaid overtime when her tasks varied from shift to shift, and the court noted that the estimate of the amount of time it took to complete her tasks was too broad. *Id*. at *20. The *Howe* court noted that plaintiff's estimates lacked specificity because Howe could not be specific in her allegations other than to give a two-hour range for how long it took to complete the uncompensated work. *Id*. at *21. The court noted that such ranges in estimates "only exacerbate the difficulty of inferring the amount and extent of her improperly compensated work", and that the two-hour range provided only sowed more uncertainty about the time Howe engaged in uncompensated work. *Id*. at *20-21. Keith McGee, the only class representative who attended their deposition, provided an estimate range of ten to twenty hours of unpaid overtime, which is exponentially broader than the estimate provided in *Howe*. McGee Dep., 39:12-40:19. Such a broad estimate does not allow a factfinder to make a just and reasonable inference regarding the amount of uncompensated work performed, and instead only increases the difficulty of the calculation.

None of the Plaintiffs are able to lend specificity to their estimates, as required by the FLSA. *Lindsay v. Clear Wireless LLC*, No. 13-834(DSD/FLN), 2016 U.S. Dist. LEXIS 31663, at *24 (D. Minn. Mar. 10, 2016). In *Lindsay*, the employee's lack of specificity, combined with the fact none of Lindsay's testimony was corroborated by other sources, led the court to rule that he

could not succeed on his claims as a matter of law. *Id*. Broad statements to describe how estimations on the average amount of hours work were created, especially when the broad statements cannot identify what activities were performed or which weeks overtime was worked, is considered too vague to serve as sufficient evidence. *Id*. at *27. Plaintiffs in this case are plagued by similar instances of inability to be specific regarding what work was performed and when the work was performed.

There must be corroborating testimony from witnesses or documentation to support overtime claims for a plaintiff to prevail on a FLSA claim. *Vanhorn v. Tasneem Enter*., No. 4:13cv722, 2015 U.S. Dist. LEXIS 179579, at *8 (E.D. Ark. May 13, 2015). Like in *Vanhorn*, no Plaintiffs can provide witness testimony or documentation to support their overtime claims. Unsubstantiated testimony is insufficient to allow a fact-finder to find overtime hours as a matter of a just and reasonable inference. *Pena v. Kindler*, 187 F. Supp. 3d 1070, 1079 (D. Minn. 2016). Therefore, the Court is unable to determine the amount of work as a matter of just and reasonable inference, and the Plaintiffs should be found to have failed to satisfy their burden.

This Court has held that bare, conclusory, and contradictory factual assertions do not meet even the relaxed standard of proof. *Thompson v. Dimichele Enters*., No. 4:18-cv-00903-LPR, 2020 U.S. Dist. LEXIS 47656, at *14 (E.D. Ark. Jan. 3, 2020). Thompson, like McGee, could only offer "vague, conclusory, equivocal, and often convoluted testimony, based on memory." *Id*. at *9. Thompson was unable to identify which weeks he believed he worked more than forty hours per week, and this Court ruled that such assertions do not create a genuine dispute of material fact. *Id*. Like Thompson, Mr. McGee no records or documentation to support his claims. McGee Dep., 23:12-23:20. He further testified that his estimations were based purely on memory. McGee Dep., 24:3-24:5; McGee Dep., 41:21-41:23. Moreover, Mr. McGee cannot point to any specific week in

which he was not paid for all hours worked. McGee Dep., 38:7-38:15. Accordingly, summary judgment is proper in this case.

Other district courts in various circuits have concurred with the *Holaway* precedent in the Eighth Circuit. *DiSantis* ruled that an employee who testified that they worked overtime every week is merely putting forth "vague, conclusory, and speculative testimony" to support their claim. *DiSantis v. Morgan Props. Payroll Servs.*, No. 09-6153, 2010 U.S. Dist. LEXIS 96838, at *39 (E.D. Pa. Sep. 16, 2010). In that case, the court ruled that the plaintiff did not meet the relaxed burden when she could not provide a factual foundation for her estimate. *Id*. at *40. Plaintiffs in this case are completely unable to meet the "concrete particulars" required under both evidentiary standards, and instead can only provide guesswork. *Kolesnikow v. Hudson Valley Hosp. Ctr.*, 622 F. Supp. 2d 98, 119 (S.D.N.Y. 2009).

It is telling that no Plaintiffs have brought forth any other witnesses to support their claims that they worked unpaid overtime. When an employee relies solely on their own testimony to establish the amount of hours worked, instead of producing documents or additional witnesses, they fail to come forward with sufficient and credible evidence. *Robinson v. Roberts Hotels Mgmt. Detroit, LLC*, Civil Action No. 14-13899, 2016 U.S. Dist. LEXIS 390, at *15 (E.D. Mich. Jan. 5, 2016). Plaintiffs have not produced any witnesses to support their claims that they worked any unpaid overtime, let alone the levels they have alleged. Instead, Defendant has produced several former coworkers that contradicted Plaintiffs' self-serving testimony. Declaration of Varrick Lott, attached as **Exhibit C** to Defendant's Motion for Summary Judgment; and Declaration of Marlos Finley, attached as **Exhibit D** to Defendant's Motion for Summary Judgment. Mr. Finley and Mr. Lott are aware of how long each route takes to complete because they have completed every route in existence during the Applicable Statutory Period themselves. Finley Decl., ¶ 4; Lott Decl., ¶ 4

Courts have ruled that the employee has not met their burden when they primarily rely on their memory. *Brown v. DS Servs. of Am., Inc.*, 246 F. Supp. 3d 1206, 1221 (N.D. Ill. 2017). Brown, like the Plaintiffs, gave an estimate for how much overtime she worked in a given time period, but she was unable to provide a basis for why she estimated the time as she did. *Id*. An employee is permitted to rely on their memory when they can point to "triggering factors" that could establish why they think they worked overtime a certain amount, such as missing a child's play, but when there is no evidence of the triggering factor, then any assertions are mere speculation. *Id*. at 1222. Plaintiff's allegations are completely devoid of any references to triggering factors that could explain their estimates, and therefore their speculation is insufficient. *Blakes v. Ill. Bell Tel. Co.*, 75 F. Supp. 3d 792, 820 (N.D. Ill. 2014).

The above cases all demonstrate why Plaintiffs' allegations are insufficient for this Court to find the amount and extent of uncompensated work as a matter of just and reasonable inference. The court found in *Thompson* that bare assertions regarding the number of hours worked constitute insufficient evidence. Plaintiffs have provided estimates that are merely guesswork based on memory without support from any records or documentation. McGee Dep., 23:12-23:20; McGee Dep., 24:3-24:5; McGee Dep., 41:21-41:23. Plaintiffs allege that they worked the entire time after arriving at the first store on their route, but no Plaintiff can give any specific facts regarding how often they did any type of work. The lone named Plaintiff that attended his deposition cannot point to any specific week in which he was not paid for all hours worked. McGee Dep., 38:7-38:15.

Furthermore, Plaintiffs' testimony suffers from over-inclusivity. The "estimates" purport to be numbers of hours worked every week. However, these time periods would have included holidays in which Plaintiffs would have performed no work at all. The estimations, or guesswork, were too vague to take these sorts of specificities into account, especially considering when the

Merchandisers would switch from route to route each day or week. Mr. McGee admitted he has taken vacations during the Applicable Statutory Period, even though this time is not accounted for in his estimations. McGee Dep., 67:14-67:16. Mr. McGee is not seeking overtime pay for any week in which the payroll records reflect that he worked under eighty hours in a two-week period. McGee Dep., 71:20-72:1. Despite Mr. McGee's testimony, his estimates continue to be overinclusive because they do not account for the above days that were not worked. These estimations do not allow a finding of the amount and extent of uncompensated work as a matter of just and reasonable inference.

Plaintiffs have their allegations contradicted by former coworkers, including the two original named Plaintiffs who asked to be dismissed from the case. Three of the five named Plaintiffs have voluntarily dismissed themselves from the case, and another failed to attend her deposition. Christman Dep., 18:19-18:24; Deposition of Cecily Patrick., 5:1-6:8; Carey Barnes, 5:1-5:21; Savage Dep., 5:23-5:25. The lone named Plaintiff to attend a deposition was Keith McGee. Mr. McGee previously worked full-time as a Merchandiser, but he is unsure of what dates he worked as a Merchandiser, how many days a week he worked as a Merchandiser, and which routes he worked as a Merchandiser. McGee Dep., 30:8-31:2; McGee Dep., 33:7-33:20; McGee Dep., 55:16-55:20; McGee Dep., 56:3-56:11. Mr. McGee currently only works as a Merchandiser for one day a week. McGee Dep., 7:22-7:24.

Mr. McGee's Answers and Responses to Defendant's First Set of Interrogatories and Requests for Production contains estimates that Mr. McGee worked approximately fifty-five to sixty hours a week as a Merchandiser. McGee Dep., 39:12-40:19. Mr. McGee admitted that he never reviewed his discovery response before they were served to Defendant. McGee Dep., 40:14-40:16. Mr. McGee testified that he had no records or documentation to support his claims. McGee

Dep., 23:12-23:20. Mr. McGee further testified that his estimations were based purely on memory. McGee Dep., 24:3-24:5; McGee Dep., 41:21-41:23. Mr. McGee cannot point to any specific week in which he was not paid for all hours worked. McGee Dep., 38:7-38. Mr. McGee testified that his current Merchandiser route takes five hours to complete. McGee Dep., at 11:9-11:14. The testimony regarding the length of Mr. McGee's current route is in harmony with testimony provided by other New Age Merchandisers.

      The former named Plaintiffs contradicted Mr. McGee's testimony. Mr. Christman stated that a route will generally be completed in under eight hours, and that a route will generally take forty hours to complete in a workweek. Christman Dep., 17:20-17:23; Christman Dep., 26:24-27:2. Mr. Christman said he will typically finish his current route at 2:30 pm if he begins his route at 6:30 am and stops for lunch. Christman Dep., 24:12-24:18. Mr. Christman stated that he would work less than six hours in day if there is not a holiday occurring. Christman Dep., 26:10-26:23. There are "load days", which are typically on Mondays, in which a delivery of product is made to a store. These days can cause a Merchandiser to work a maximum of ten (10) hours because there is no product in the front of the store after a weekend, so the Merchandiser has to completely replace the empty section with new product. The most load days in a week is two. Frantz Decl., at ¶ 9; Davis Decl., at ¶ 10; Lott Decl., at ¶ 8; Finley Decl., at ¶ 9. The other days of the week are much shorter because the Merchandiser at that store only has to replace product that was bought the day prior. A Merchandiser will not work more than five hours on non-load days. Frantz Decl., at ¶ 10; Davis Decl., at ¶ 11; Lott Decl., at ¶ 9; Finley Decl., at ¶ 10. Merchandisers are paid their full salary even when they work less than eight hours in a single day. McGee Dep., at 25:13-25:15; McGee Dep., 25:24-26:5.

Mr. Christman testified that the only way a Merchandiser could work fifty-five to sixty-hour weeks was if they were sitting at a store and purposefully not doing anything. Christman Dep., 16:22-17:7. Mr. Savage, another former named Plaintiff who has worked many routes as a backup Merchandiser, testified that the shortest day he worked was four hours, and the longest day he worked was eight hours. Savage Dep., 14:11-14:1; Savage Dep., 14:3-14:5. The quickest route to complete involves stores in Jacksonville, Arkansas, and it takes substantially less than forty hours in a workweek to complete. The longest route to complete involves stores around Searcy and Cabot, and it takes less than forty hours in a workweek to complete. Frantz Decl., at ¶ 12; Davis Decl., at ¶ 13; Lott Decl., at ¶ 11; Finley Decl., at ¶ 12. A Merchandiser would never work more than forty (40) hours per week no matter the route or time of year. New Age Distributing, Inc. changes the stores on each route to assure that no Merchandiser is working significantly more or less than any other Merchandiser on a different route. Frantz Decl., at ¶ 13; Davis Decl., at ¶ 14; Lott Decl., at ¶ 12; Finley Decl., at ¶ 13. Mr. Savage and Mr. Christman, the original two named Plaintiffs, both testified that they were always paid fairly by New Age. Savage Dep., 14:18-14:20; Savage Dep., 23:21-23:24; Christman Dep., 15:9-15:11.

Mr. Christman informed the Sanford Law Firm that he had no way to prove how many hours he worked while he was still a party to the case. Christman Dep., 14:20-15:7; Christman Dep., 31:22-31:3. Mr. Christman testified that he had been misled by Sanford Law Firm employees that a "worst-case scenario" was going to happen to him and that is why he joined the lawsuit. Christman Dep., 14:3-14:13. Mr. Christman also testified that he was never retaliated against for bringing the lawsuit. Christman Dep., 28:24-28:25. Mr. Savage also testified that the Sanford Law Firm misled him by drafting a declaration that did not reflect the facts that Mr. Savage had told

13

the Sanford Law Firm. Savage Dep., 16:3-16:11. The declaration would have been the same as the almost identical declarations that Plaintiffs now use to support their claims.

Plaintiffs have their allegations contradicted by their coworkers, including former named Plaintiffs. No Plaintiff can provide any corroborating documentation to support the assertions made in this matter. Instead, Plaintiffs can only offer self-serving testimony that is squarely refuted by coworkers and supervisors. The declarations from the coworkers are consistent with the depositions of the former named Plaintiffs and the declarations of the supervisors. Plaintiffs can only speak broadly about their alleged hours worked because they cannot provide a fair and reasonable inference for this Court to use.

The utter lack of corroborating evidence, whether it be documentation in the form of contemporaneous notes or additional witnesses, renders Plaintiffs unable to show the amount and extent of uncompensated work as a matter of just and reasonable inference. Plaintiffs are unable to meet even the relaxed evidentiary standard because they can only rely on bare assertions founded on vague and contradicted testimony.

**B.    Any Unpaid Overtime Hours are *De Minimis***

Insubstantial periods of time beyond scheduled work hours, which cannot practically be precisely recorded for payroll purposes, may be disregarded. 29 C.F.R. § 785.47. Courts consider the following factors when determining whether the work performed is de minimis: 1) the amount of time spent on the extra work; 2) the practical administrative difficulties of recording the additional time; 3) the regularity with which the additional work is performed; and 4) the aggregate amount of compensable time." *Lyons v. Conagra Foods Packaged Foods LLC*, 899 F.3d 567, 584 (8th Cir. 2018). Such tasks are typically only a few minutes in duration. *Saunders v. John Morrell & Co.*, No. C88-4143, 1992 U.S. Dist. LEXIS 21716, at *3 (N.D. Iowa Oct. 14, 1992). Plaintiffs

have been unable to establish the amount of additional work they performed for Defendant. Defendant notes that if Plaintiffs performed work without being paid, such work would have had to be *de minimis*, otherwise the Plaintiffs would have been paid for this time like they were paid for their time otherwise. Even when aggregated, any extra work would still be far below a substantial amount.

WHEREFORE, Defendant New Age Distrusting Inc., respectfully requests that the Court grant summary judgment and dismiss all claims against Defendant.

Respectfully Submitted,

Brian A. Vandiver, Ark. Bar No. 2001078
Cox, Sterling, McClure & Vandiver, PLLC
8712 Counts Massie Road
North Little Rock, AR 72113
(501) 954-8073
bavandiver@csmfirm.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

    I, Brian A. Vandiver, do hereby certify that a true and correct copy of the foregoing pleading was filed with the Clerk of Court and served via ECF to the following on this 27th day of July, 2020:

Sean Short
Josh Sanford
Sanford Law Firm, PLLC
650 S. Shackleford, Suite 411
Little Rock, AR 72211
sean@sanfordlawfirm.com
josh@sanfordlawfirm.com

By: Brian A. Vandiver