**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**AARON CHRISTMAN, EMANUEL**
**SAVAGE, CAREY BARNES, KEITH MCGEE**
**AND CECILY PATRICK, Individually and on**
**Behalf of All Others Similarly Situated**           **PLAINTIFFS**

**v.**           **NO. 4:19-cv-488-LPR**

**NEW AGE DISTRIBUTING, INC.**           **DEFENDANT**

<u>**BRIEF IN SUPPORT OF DEFENDANT'S**</u>
<u>**MOTION TO DECERTIFY THE**</u>
<u>**FLSA COLLECTIVE ACTION**</u>

Defendant New Age Distributing, Inc. ("New Age"), by and through its counsel, Brian A. Vandiver, a partner in the law firm of Cox, Sterling, McClure & Vandiver, PLLC, for its Brief in Support of Defendant's Motion to Decertify the FLSA Collective Class, states:

### I.     STATEMENT OF FACTS

Please see Defendant's Statement of Facts, incorporated by reference.

### II.     LEGAL STANDARD

The Fair Labor Standards Act ("FLSA") provides that an action for unpaid overtime may be maintained against an employer by "any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The fundamental inquiry in deciding whether a collective action is appropriate is whether or not the plaintiffs are "similarly situated." *Smith v. Heartland Auto. Servs*., 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005). Plaintiffs must prove they are similarly situated. *Grayson v. K Mart Corp*., 79 F.3d 1086, 1097 (11th Cir. 1996).

Courts typically approach the inquiry by using a two-stage approach. *Smith*, 404 F. Supp. 2d at 1149. At the first stage, which has been labeled the initial conditional-certification stage, the

1

plaintiffs' burden is not rigorous, and they must only show a "colorable basis for their claim" and "that a class of similarly situated plaintiffs exist." *Douglas v. First Student*, Inc., 888 F. Supp. 2d 929, 933 (E.D. Ark. 2012). At the second stage, a defendant may decertify the class if, after discovery, "the evidence shows that members of a conditionally certified class are not similarly situated." *Smith*, 404 F. Supp. 2d at 1149 (citing *Mooney v. Aramco Servs. Co*., 54 F.3d 1207, 1214 (5th Cir. 1995)).

The second stage, the decertification stage, uses a stricter standard and analyzes three factors: 1) the disparate factual and employment settings of the individual plaintiffs; 2) various defenses available to defendant that appear individual to each plaintiff; and 3) fairness and procedural considerations. *Douglas*, 888 F. Supp. 2d at 933. The essential inquiry is whether the differences among plaintiffs outweigh the similarities of the alleged practices. *White v. Baptist Mem'l Health Care Corp*., No. 08-2478, 2011 U.S. Dist. LEXIS 52928, at *12 (W.D. Tenn. May 17, 2011).

### III.     ARGUMENT

A.     <u>There are disparate factual and employment settings</u>.

Commonality between the basis for claims and the potential claims of the proposed class is necessary to maintain the interests of judicial economy and to avoid opportunities for abuse. *White v. Osmose, Inc*., 204 F. Supp. 2d 1309, 1314 (M.D. Ala. 2002). FLSA misclassification cases involve a "fact-intensive inquiry into the duties performed by the different types of employees." *Harris v. Sw. Power Pool, Inc*., No. 4:11CV00679 JLH, 2011 U.S. Dist. LEXIS 129583, at *6 (E.D. Ark. Nov. 8, 2011). In the stricter stage, it is appropriate for courts to decertify a class when the focus of the court's analysis is on the nature of the employee's job duties. *Smith v. Frac Tech Servs*., No. 4:09CV000679 JLH, 2009 U.S. Dist. LEXIS 109930, at *14 (E.D. Ark.

Nov. 24, 2009). Individualized inquiries render a collective claim inappropriate. *Douglas v. First Student, Inc*., 888 F. Supp. 2d 929, 934 (E.D. Ark. 2012). This is because a highly individualized inquiry into the circumstances of every day of the week, for multiple class members, is highly inefficient. *Id*.

This case will require individualized inquiries for each Merchandiser within the proposed collective action. New Age attempts to keep the length of each route consistent, but every route is different. There are "load days", which are typically on Mondays, in which a delivery of product is made to a store. These days can cause a Merchandiser to work a maximum of ten hours because there is no product in the front of the store after a weekend, so the Merchandiser has to completely replace the empty section with new product. The most load days in a week is two. Frantz Decl., at ¶ 9; Davis Decl., at ¶ 10; Lott Decl., at ¶ 8; Finley Decl., at ¶ 9.

Each route visits different stores in different geographic locations. Each store on each route can have different load days and non-load days, and these days can differ over time. Each store has a different amount of work required on each distinct day, as some stores are busier or larger than others and therefore require longer hours before the work is completed. The amount of work changes each season, with summers requiring more hours worked and winters requiring much less hours worked. Christman Dep., 18:6-18:13; Frantz Decl., at ¶ 11; Davis Decl., at ¶ 12; Lott Decl., at ¶ 10; Finley Decl., at ¶ 11. For instance, Merchandisers may work under six hours a day if there is no upcoming holiday. Christman Dep., 26:10-26:23. Each Merchandiser will work different routes during their tenure with New Age. Christman Dep., 19:2-19:24.

Individual inquiries are required because each route differs from day to day and store to store. Originally, this case had five named Plaintiffs. Emmanuel Savage was originally a named Plaintiff who asked to be dismissed from the case. Savage Dep., 5:23-5:25. Aaron Christman, a

Merchandiser for four years, was originally a named Plaintiff who asked to be dismissed from the case. Christman Dep., 18:19-18:24. Cecily Patrick was originally a named Plaintiff, but she asked to be dismissed from the case and failed to attend her deposition. Patrick Dep., 5:1-6:8. Carey Barnes is a named Plaintiff who failed to attend his deposition. Barnes Dep., 5:1-5:21. Keith McGee is a named Plaintiff who only works as a Merchandiser for one day a week currently but used to work as a Merchandiser fulltime. McGee Dep., 7:22-7:24. Only Mr. Savage, Mr. Christman, and Mr. McGee attended their scheduled depositions, and their estimates ranged widely because they each drove different routes.

Mr. McGee's Answers and Responses to Defendant's First Set of Interrogatories and Requests for Production contains estimates that Mr. McGee worked approximately fifty-five to sixty hours a week as a Merchandiser. McGee Dep., 39:12-40:19. Mr. McGee used to work as a Merchandiser five days a week. During that time, the longest day he worked was nine and one-half hours. McGee Dep., 15:13-16:7. Mr. McGee testified that he worked under eight hours several other days of the week. McGee Dep., 17:11-17:24; McGee Dep., 20:19-20:23. Mr. McGee further testified that his current Merchandiser route takes five hours to complete. McGee Dep., at 11:9-11:14. Mr. McGee admitted he has taken vacations during the Applicable Statutory Period, even though this time is not accounted for in his estimations. McGee Dep., 67:14-67:16. Mr. McGee is not seeking overtime pay for any week in which the payroll records reflect that he worked below eighty hours in a two-week period. McGee Dep., 71:20-72:1. Mr. Savage testified that the shortest day he worked was four hours, and the longest day he worked was eight hours. Savage Dep., 14:11-14:17. The length of routes for each day and week vary so widely depending on the geographic area and the time of year that it is impossible to make conclusions for each class member without individualized inquiries.

4

The route will differ each day because Merchandisers will go to different stores and have different duties at each store. No Merchandiser goes to the same store on the same day as another Merchandiser. Moreover, the Merchandisers take vacation and admittedly have weeks in which they were not entitled to overtime. No representative class member could provide testimony about other Merchandiser's use of vacation time or paid time off. There will have to be individual analyses with each Merchandiser for each day they worked, because no Merchandiser is ever doing the same type of work as their coworkers.

The facts in this case are almost identical to *Douglas v. First Student, Inc*., 888 F. Supp. 2d 929 (E.D. Ark. 2012). *Douglas* involved bus drivers for a school district. In *Douglas*, it was clear that the length of each driver's trip varied from driver to driver, and day to day. *Douglas*, 888 F. Supp. 2d at 934. Furthermore, plaintiffs contended that accurate records of the lengths of the route did not exist, and because of this concession the court found that there would necessarily need to be individualized testimony from each driver in order to put on evidence regarding how long each route took on each day. *Id.* Testimony from one driver would not have any bearing on how long another driver's duties took that same week. *Id*. Not only did the time required to perform the duty of driving a route vary, but the duties performed each day varied too. *Id*. at 935. The court in *Douglas* decertified the conditionally certified FLSA class and dismissed the claims of all opt-in plaintiffs. *Id*. at 936.

As in *Douglas*, the length of the trips at New Age varies from Merchandiser to Merchandiser, from day to day. There are no accurate records of the time spent on each route for each workweek or day, and therefore trial would necessarily involve testimony from each individual Merchandiser in order to determine how long each route took each day. The Merchandisers had different duties depending on their route, which changed depending on the

5

stops on the route that day, and this will proscribe any Merchandisers from giving representative testimony about how long the other Merchandisers worked. Merchandisers who had load days would be unable to testify about how long it takes to do a different route that had less load days. It is the Plaintiffs' burden to prove that all Merchandisers are similarly situated, but the evidence prohibits them from doing so. Therefore, the conditional class should be decertified.

B.     There are defenses individual to each plaintiff.

The individualized defenses factor assesses "whether potential defenses pertain to the plaintiff class or whether the potential defenses require proof of individualized facts at trial." *Butler v. DirectSAT USA, LLC*, 47 F. Supp. 3d 300, 313 (D. Md. 2014). Individual defenses make a representative class unmanageable. *Kutzback v. LMS Intellibound, Ltd. Liab*. Co., 301 F. Supp. 3d 807, 821 (W.D. Tenn. 2018). Collective treatment is not appropriate when a defendant is forced to pick the class apart, plaintiff by plaintiff, because such an exercise is "tantamount to conducting multiple individual trials on the merits and is the antithesis of a collective action." *Espenscheid v. DirectSat USA, LLC*, No. 09-cv-625-bbc, 2011 U.S. Dist. LEXIS 56062, at *22 (W.D. Wis. May 23, 2011).

For the reasons stated in the previous section, New Age would have to have multiple individual trials in order to determine which Merchandiser was on which route on which day. This practice defeats the purpose of a collective action, and consequently this conditional class should be decertified.

C.     There are fairness and procedural concerns.

Courts must determine whether it can coherently manage the class in a manner that will not prejudice any party. *Rawls v. Augustine Home Health Care, Inc*., 244 F.R.D. 298, 302 (D. Md. 2007). Coherent management at trial and avoidance of jury confusion are essential considerations

at the decertification stage. *Hamilton v. Diversicare Leasing Corp.*, No. 1:12-cv-1069, 2014 U.S. Dist. LEXIS 139712, at *14 (W.D. Ark. Oct. 1, 2014).

The representation of the class supports decertification due to fairness and procedural concerns. Three of the five named Plaintiffs have voluntarily dismissed themselves from the lawsuit. Savage Dep., 5:23-5:25; Christman Dep., 18:19-18:24; Patrick Dep., 5:1-6:8. Carey Barnes, one of the two remaining named Plaintiffs, failed to attend his deposition. Barnes Dep., at 5:1-5:21. Mr. McGee's testimony is inadequate to represent the remaining class members who work in difference circumstances than Mr. McGee, an employee who only works as a Merchandiser one day a week and is completely unable to remember his previous time as a fulltime Merchandiser. McGee Dep., 30:8-31:2; McGee Dep., 33:7-33:20; McGee Dep., 55:16-55:20; McGee Dep., 56:3-56:11.

Furthermore, Plaintiffs' counsel cannot adequately represent the class. Mr. Christman, when speaking about his reason for dismissing his claims, stated that he initiated the lawsuit because Sanford Law Firm employees misled him. Christman Dep., 14:3-14:13. Similarly, Mr. Savage testified that the Sanford Law Firm asked him to sign an inaccurate declaration even though Mr. Savage had provided the Sanford Law Firm with sufficient information to draft a truthful declaration. Savage Dep., 16:3-16:11. All of the declarations in this case have been identical, and therefore it is highly likely that the declarations that were filed before the Court contained inaccurate information as well. This logical conclusion is bolstered by the fact that Mr. McGee's declaration estimated that he worked over fifty hours per week, a claim that is echoed in his responses to discovery requests. McGee Dep., 39:12-40:19. However, Mr. McGee admitted that he never reviewed the discovery responses drafted and served by the Sanford Law Firm. McGee Dep., 40:14-40:16. Mr. McGee also admitted that this estimate was inaccurate because he had

taken numerous vacations and therefore there were many pay periods in which he did not work over eighty hours in a two-week period. McGee Dep., 71:20-72:1. It is clear that the evidence provided by Merchandisers is not being accurately submitted by the Sanford Law Firm.

Moreover, there is evidence that the Sanford Law Firm has not been allowing named Plaintiffs to be dismissed from the case. Mr. Savage asked to be removed from the lawsuit on July 24, 2019. Savage Dep., 19:7-19:11. The Sanford Law Firm did not honor this request until February of 2020, and Mr. Savage was not informed that he had been removed from the case until he requested to be removed again on March 3, 2020. Savage Dep., 21:12-21:19. Mr. Christman asked to be removed from the case in August of 2019. Christman Dep., 35:17-35:22. The Sanford Law Firm did not honor this request until February of 2020, and Mr. Christman was not informed that he had been dismissed from the case. Christman Dep., 36:21-36:22. Instead, an individual named Josh at the Sanford Law Firm called Mr. Christman the day before his deposition and told Mr. Christman that he was still a part of the case because a judge had never signed the order, and that Mr. Christman could be fined if he did not attend the deposition. Christman Dep., 44:17-45:5. In fact, Mr. Christman had been dismissed by stipulation five months prior.

The class members have been provided uniform documents with slight variations to sign that are patently untrue because no Merchandiser worked a similar schedule. Due to the aforementioned disparate factual and employment settings, any attempt at moving forward as a collective action will result in an incoherent and impracticable trial. Each Plaintiff's case will require analyzing different background facts and different testimony revolved around different Merchandiser's activities on different days, which will affect a jury's analysis of whether the employee worked overtime hours in specific weeks. The jury will assuredly be confused at the task of engaging in individualized examination in order to attempt to decide collective results.

Moreover, New Age will effectively be required to prepare for multiple individual trials at once, which would certainly be prejudicial to its ability to manage this case effectively. This arduous task is exacerbated because only one named Plaintiff has been deposed after two named Plaintiffs dismissed themselves in part due to inadequate counsel.

WHEREFORE, Defendant New Age Distributing, Inc., respectfully requests that the Court decertify the Conditionally Certified Class, dismiss all claims against Defendant, and grant Defendant all other proper and just relief.

Respectfully Submitted,


Brian A. Vandiver, Ark. Bar No. 2001078
Cox, Sterling, McClure & Vandiver, PLLC
8712 Counts Massie Road
North Little Rock, AR 72113
(501) 954-8073
bavandiver@csmfirm.com
*Attorney for Defendant*


## CERTIFICATE OF SERVICE

I, Brian A. Vandiver, do hereby certify that a true and correct copy of the foregoing pleading was filed with the Clerk of Court and served via ECF to the following on this 27th day of July, 2020:

Sean Short
Josh Sanford
Sanford Law Firm, PLLC
650 S. Shackleford, Suite 411
Little Rock, AR 72211
sean@sanfordlawfirm.com
josh@sanfordlawfirm.com


By:    Brian A. Vandiver

10