IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**AARON CHRISTMAN,** *et al.*  **PLAINTIFFS**
*Individually and on Behalf of all Others Similarly Situated*

v.   Case No. 4:19-cv-00488-LPR

**NEW AGE DISTRIBUTING INC**  **DEFENDANT**

## ORDER

Before the Court is Defendant New Age Distributing Inc.'s Motion to Decertify the FLSA Collective Action.[1] The Motion was filed contemporaneously with Defendant's Motion for Summary Judgment.[2] Plaintiffs oppose Summary Judgment.[3] But Plaintiffs do not oppose Defendant's Motion to Decertify.[4] In fact, Plaintiffs affirmatively say that the Decertification Motion should be granted.[5]

Defendant contends that the Motion for Summary Judgment should be decided first, noting (among other things) that it was docketed approximately seventeen minutes before the Motion to Decertify.[6] Defendant argues that the Court should only reach the Decertification Motion if the Court denies the Motion for Summary Judgment. But Defendant cites no caselaw or authority requiring a court to decide a summary judgment motion before it decides a contemporaneously filed motion for decertification.[7] Defendant's argument is not persuasive.

---

[1] Def.'s Mot. to Decertify (Doc. 38).

[2] *Compare* Def.'s Mot. for Summ. J. (Doc. 35) (filed at approximately 11:28 a.m. on July 27, 2020), *with* Def.'s Mot. to Decertify (Doc. 38) (filed at approximately 11:45 a.m. on July 27, 2020).

[3] Pls.' Resp. in Opp'n to Def.'s Mot for Summ. J. (Doc. 42).

[4] Pls.' Resp. to Def.'s Mot. to Decertify (Doc. 44).

[5] Aug. 31, 2020 Hr'g Tr. at 3.

[6] Aug. 31, 2020 Hr'g Tr. at 19-20. *Compare* Def.'s Mot. for Summ. J. (Doc. 35) (filed at approximately 11:28 a.m. on July 27, 2020), *with* Def.'s Mot. to Decertify Collective (Doc. 38) (filed at approximately 11:45 a.m. on July 27, 2020).

[7] Defendant briefly alluded to the district court's decision in *Bailey v. New Age Distrib., Inc.*, No. 4:18CV00538 JM,

District courts in the Eighth Circuit, including this one, recognize a two-step approach to certification of an FLSA collective.[8] The second step is decertification, which comes after discovery but before proceeding to trial.[9] Said differently, the step-two certification process decision precedes a decision on the merits of the case. Summary Judgment is a decision on the merits. Thus, at least in the circumstances of this case, the Motion for Decertification should be decided before the Motion for Summary Judgment. To conclude otherwise would significantly undercut the purpose of the certification process.

Defendant notes that all of the opt-in Plaintiffs in this case have already filed an almost identical FLSA complaint as named Plaintiffs in a new case against Defendant. Defendant contends that these litigation tactics—conceding decertification in a case with less-than-ideal named Plaintiffs and opening a new case with just the opt-in Plaintiffs as named Plaintiffs—abuse the rules and should not be rewarded by decertifying the collective. The Court is somewhat sympathetic to Defendant's position. But the Court cannot overlook the fact the Defendant triggered step-two of the certification process when it filed its Motion for Decertification.

---

2019 WL 6249395, at *1 (E.D. Ark. Nov. 21, 2019). Aug. 31, 2020 Hr'g Tr. at 8. The court in *Bailey* did not explain its decision to consider the motion for summary judgment before the motion to decertify. Nor did the court in *Bailey* in any way suggest that other courts are required to handle their dockets the same way. The Court has found multiple examples of district courts in the Eighth Circuit that have addressed motions to decertify before addressing motions for summary judgment. *See, e.g.*, *Lindsay v. Clear Wireless LLC*, No. CV 13-834(DSD/FLN), 2016 WL 916365, at *3 (D. Minn. Mar. 10, 2016) (deciding the pending motion to decertify before deciding a pending motion for summary judgment); *Reynolds v. BLM Co., Inc.*, No. 12-CV-1105, 2015 WL 13813613, at *5 (W.D. Ark. Jan. 21, 2015) (same); *Fezard v. United Cerebral Palsy of Cent. Ark.*, No. 4:13CV00206JM, 2014 WL 12770922, at *1 (E.D. Ark. Sept. 3, 2014) (explaining that "[t]he Court will rule on the motion to decertify and motion to amend before ruling on the motions for summary judgment and sanctions so that the opt-in plaintiffs will have a clear understanding of whether the dispositive rulings apply to their claims").

[8] *See, e.g., Smart v. City of Hughes, Ark.*, No. 2:19-CV-00047-KGB, 2021 WL 500713, at *2 (E.D. Ark. Feb. 10, 2021); *Salmon v. XTO Energy, Inc.*, No. 4:19-CV-00768-BSM, 2020 WL 5803608, at *2 (E.D. Ark. Sept. 29, 2020); *Israsena v. Chalak M&M AR1 LLC*, No. 4:15CV00038 JLH, 2015 WL 13648567, at *1 (E.D. Ark. Oct. 14, 2015); *Maclin v. Montgomery & Sons Const., Inc.*, No. 4:12-CV-5-DPM, 2012 WL 5818163, at *1 (E.D. Ark. Nov. 15, 2012).

[9] *See, e.g.*, *Kruger v. PerfectVision Mfg., Inc.*, No. 4:18-CV-00829 BSM, 2019 WL 7838300, at *1 (E.D. Ark. Apr. 9, 2019); *McChesney v. Holtger Bros.*, No. 4:17-CV-00824-KGB, 2019 WL 118408, at *2 (E.D. Ark. Jan. 7, 2019).

Defendant requested that the Court decertify the collective, and the Court is granting that request. The fact that the opt-in Plaintiffs may have made lemonade from lemons is of little moment. Defendant is receiving the relief that it requested.

Ultimately, the Court has great discretion in how it handles its docket.  In this situation, where the Motions were filed contemporaneously, the interests of fairness and judicial economy are best served by granting the unopposed Motion for Decertification before reaching the merits of the case on summary judgment.

## Conclusion

Having reviewed the record, briefing, and the hearing transcript, the Court GRANTS Defendants Motion for Decertification.  IT IS THEREFORE ORDERED THAT the FLSA collective is decertified and the opt-in Plaintiffs are dismissed WITHOUT PREJUDICE.

IT IS SO ORDERED this 8th day of March 2021.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT COURT